### JAMES C. MARA *vs.* MALTIAH H. PIERCE.

Knowledge of the occupation and improvement of land is not such "actual notice" of an unrecorded deed of the land to the occupant, as will give effect to the deed against others than the grantor, under the Rev. Sts. c. 59, § 28.

On a writ of entry to recover three lots of land, the tenant pleaded the general issue with a specification of title in himself to the first lot; the demandant proved the conveyance of the three lots to himself, and showed a title in his grantor to the first and second lots, but none to the third. *Held,* that the demandant was entitled to recover the third lot, the tenant showing no title thereto.

WRIT OF ENTRY, dated October 24th 1853, to recover three several lots of land in New Bedford. The tenant pleaded the general issue, with a notice of title in himself to one of the lots, which was his homestead, under a lease for life. The case was submitted to the full court upon the following report:

The demandant introduced a warranty deed from his father-in-law John D. Hathaway to himself of the three lots claimed in the writ, dated, acknowledged and recorded on the 1st of October 1853; also a warranty deed from Judith Pierce to said Hathaway of two of the lots, one of which was the homestead, dated January 4th 1852, acknowledged September 20th 1852, and recorded October 1st 1853. It did not appear whether the second deed was executed before or after the first was recorded. It appeared that Hathaway, at the time of executing his deed to Mara, had no actual seisin of the premises, and no seisin in law except so far as may be inferred from the facts above stated. The possession of the premises by the tenant was admitted.

The tenant introduced evidence that his son purchased the homestead in question, gave to the tenant and his wife (since deceased) a lease of the same during their natural lives, and then sold and conveyed it to his sister Judith, (under whom the demandant claimed,) she knowing of the life lease. There was no direct evidence that Hathaway or the demandant had any knowledge of that lease. It appeared in evidence however, that the tenant had been in uninterrupted possession of the premises for fifteen years prior to the date of the writ, and had

improved the same, and that during this time Judith Pierce lived on the premises apart from the tenant.

The tenant contended that under the circumstances the evidence of possession was competent, and that the question of notice, upon the evidence and circumstances of the case, was a question of fact for the jury, upon which he had a right to go to them. He also asked the court to rule that the demandant had shown no title to the lot not embraced in the deed from Judith Pierce to Hathaway.

But the court ruled against the tenant on all these points, and directed a verdict for the demandant, which was returned. The tenant alleged exceptions.

*R. C. Pitman*, for the tenant.

*L. F. Brigham*, for the demandant.

DEWEY, J. The case of *Pomroy* v. *Stevens*, 11 Met. 244, seems to be decisive of the present case. Under the Rev. Sts. c. 59, § 28, an unrecorded deed is only valid as against the grantor and "persons having actual notice thereof." But the mere evidence of open occupation, possession and cultivation of the land by farming it, by a party who has an unrecorded deed thereof, is not sufficient to warrant the inference that a third person has actual notice of such conveyance, if we give effect to the opinion delivered in the case of *Pomroy* v. *Stevens*.

There is nothing in the facts here, that would justify a different ruling of the court from that given in the case cited. It is true that was a claim of title in fee simple, and this is a claim of a freehold for life merely, but we perceive no difference in the two cases on that account. The question of actual notice is a question of fact, proper to be submitted to the jury under suitable instructions from the court; but if in point of law the evidence is entirely insufficient to authorize the jury to find actual notice the court would so instruct the jury and direct them to return a verdict accordingly.

Evidence like that produced in the present case might properly be submitted to the jury, accompanied with other evidence tending to show actual knowledge of the existence of the unrecorded deed; but here none other of that character was offered.

It was the naked case of long continued occupation and improvement of the premises. That was not enough, and the defence therefore must fail as to that part of the demanded premises in which the tenant sets up title in himself. The case of *Curtis* v. *Mundy*, 3 Met. 405, arose upon a different state of facts.

As to one of the other parcels demanded in this writ, it was objected at the trial that the demandant had shown no other title than a deed from Jonathan D. Hathaway, the other two lots having, as was conceded, been conveyed to Hathaway by Judith Pierce.

Under the plea of nul disseisin and nothing more, it would certainly be incumbent on the demandant to show a title to the premises in himself, and a failure so to do would be a failure to support his action. In the present case, the tenant pleaded the general issue, accompanied with a specification that the defence would be a title in himself to one of the lots, to wit, the homestead, thus implying at least that he made no claim of title in himself to the others.

The demandant had introduced a deed from Jonathan D Hathaway of this lot to him. This was enough, if the defendant had not a title older than the date of that deed. Previous occupation under a claim of title would have been sufficient to show an older and better title in the tenant, and require the demandant to connect himself with some earlier title. The only question raised, as it would seem, as to this parcel, was upon the demandant's *prima facie* case. The deed from Hathaway was sufficient for that purpose, and as the tenant did not rely in defence upon any title in himself, by possession or otherwise, the ruling seems to have been correct, that the demandant was entitled to a verdict for that parcel ; however otherwise it might have been if the tenant had relied upon an older title in himself to the premises. *Ward* v. *Fuller*, 15 Pick. 189.

*Judgment on the verdict.*